UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| YING LI,<br><br>Plaintiff,<br><br>v.<br><br>STANFORD LE et al.,<br><br>Defendants. | CASE NO. 26-cv-03990<br><br>ORDER |

This matter comes before the Court sua sponte. The Court has examined self-represented Plaintiff Ying Li's complaint and accompanying documents, Dkt. ## 4, 5, and for the reasons discussed below DISMISSES it without prejudice under 28 U.S.C. § 1915(e)(2)(B)(ii).

Plaintiff's causes of action arise from his experience, which he claims was influenced by cheating, at the Snoqualmie Casino. *See generally* Dkt. # 4. Plaintiff brings these causes of action: (1) Civil RICO claim under 18 USC § 1962(c) & (d); (2) common law fraud and false representation claims; and (3) an unjust enrichment claim. Dkt. # 4 at 8-9. Plaintiff also alleges facts possibly related to a claim under the Administrative Procedure Act (APA). *See generally* Dkt. # 4.

"Federal courts typically lack subject-matter jurisdiction over Indian tribes absent congressional authorization or a waiver from the tribe." *Cadet v. Snoqualmie Casino*, 469 F.

Supp. 3d 1011, 1014 (W.D. Wash. 2020) (citing *Santa Clara Pueblo v. Martinez*, 436 U.S. 49, 58 (1978)). Snoqualmie Casino has repeatedly been found to be an "arm of the tribe" subject to sovereign immunity. *Id.*; *see also Long v. Snoqualmie Gaming Comm'n*, 7 Wash. App. 2d 672, 680, 435 P.3d 339, 343 (2019). Here, Plaintiff appears to bring his claims against individual defendants to avoid sovereign immunity. *See* Dkt. # 4 at 2-3. But unlike the case cited by Plaintiff, *Lewis v. Clarke*, 581 U.S. 155 (2017), here, the facts alleged relate to the organization and not the individual defendants. *See generally* Dkt. # 4, 5. To allow for plaintiffs to avoid tribal sovereign immunity by simply naming individual defendants would make the doctrine meaningless, and so for the reasons articulated in *Cadet*, 469 F. Supp. 3d 1011 and *Long*, 7 Wash. App. 2d 672, the Court finds Plaintiff's claims barred by tribal sovereign immunity.

Thus, the Court DISMISSES the complaint, Dkt. # 4, without prejudice under 28 U.S.C. § 1915(e)(2)(B)(ii). The Court grants leave to amend within 14 days of the filing of this Order. *See Lucas v. Dep't of Corr.*, 66 F.3d 245, 248 (9th Cir. 1995) (when a court dismisses a self-represented plaintiff's complaint, the court must give the plaintiff leave to amend "[u]nless it is absolutely clear that no amendment can cure the defect" in the complaint). If Li's amended complaint fails to meet the required pleading standard, the Court may dismiss the matter.

Dated this 9th day of November, 2026.

John H. Chun
United States District Judge